**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00745-RM-NYW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

DIANE D. DALMY, and
MICHAEL J. WOODFORD,

    Defendants.

_____

**FINAL JUDGMENT AS TO
DEFENDANT DIANE D. DALMY**
_____

Plaintiff Securities and Exchange Commission ("the Commission") having filed a Complaint on March 13, 2019 and an Amended Complaint (naming an additional defendant) on June 26, 2019; the Court having entered a default against defendant Diane D. Dalmy ("Dalmy") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Dkt. #31); and the Court having entered an order dated December 2, 2019 granting the Commission's motion for a default judgment as to Dalmy (Dkt. 43):

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Dalmy is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) agents, servants, employees, and attorneys of Dalmy; and (b) other persons in active concert or participation with Dalmy or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Dalmy is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) agents, servants, employees, and attorneys of Dalmy; and (b) other persons in active concert or participation with Dalmy or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED**, pursuant to Section 21(e)(1) of the Exchange Act [15 U.S.C. $78u(e)(l)], that Dalmy shall comply with the Commission's order permanently suspending her from appearing or practicing before it as an attorney, which was entered in *Matter of Diane D. Dalmy, Esq.*, Exchange Act Release No. 78993 (Sept 29, 2016).

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Dalmy is permanently restrained and enjoined from directly or indirectly providing professional legal services to any person or entity in connection with the offer or sale of securities pursuant to, or claiming, an exemption under Section 4(a)(1) of the Securities Act [15 U.S.C. §77d(a)(1)] predicated on Securities Act Rule 144 [17 C.F.R. §230.144], or any other exemption from the registration provisions of the Securities Act; and that Dalmy is required to provide any actual or potential client seeking legal advice or representation in matters relating to the federal securities laws with copies of (i) the Commission's complaint filed against her and the court's final

judgment issued against her in both this action and in *SEC v. Zenergy Int'l, Inc.*, Case No. 1:13-cv-05511 (N.D. Ill. Sept. 30, 2015), and (ii) the Commission's order permanently disqualifying her from practicing before it as an attorney, which was entered in *Matter of Diane D. Dalmy, Esq.*, Exchange Act Release No. 78993 (Sept 29, 2016).

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Dalmy is liable for disgorgement of $26,700, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $3,535.62, for a total disgorgement obligation of $30,235.62, and is also liable for a civil penalty in the amount of $ $86,718 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

Dalmy shall satisfy this obligation by making payment to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Dalmy may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Dalmy may make payment directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Dalmy may also make payment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, the civil action number, the name of this Court, and the name of Dalmy as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Dalmy shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Dalmy relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to her.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Dalmy shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Dalmy shall not, after offset or reduction of any award of compensatory damages

in any Related Investor Action based on her payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of her payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Dalmy shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Dalmy by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Dalmy as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

Pursuant to Fed. R. Civ. Proc. 58(b)(2)(B), the Court hereby approves the form of the Final Judgment set forth above and directs the Clerk to promptly enter the Final Judgment.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

DATED this 6th day of December, 2019.

FOR THE COURT:
JEFFREY P. COLWELL

By:   s/C. Pearson
       C. Pearson, Deputy Clerk