## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00745-RM-NYW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

DIANE D. DALMY, and
MICHAEL J. WOODFORD,

    Defendants.

_____

## FINAL JUDGMENT AS TO
## DEFENDANT MICHAEL J. WOODFORD
_____

The Securities and Exchange Commission having filed a Complaint and defendant Michael J. Woodford ("Woodford") having entered a general appearance, consented to the Court's jurisdiction over himself and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Woodford is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Woodford's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Woodford or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Woodford is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Woodford's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Woodford or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Woodford is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. §240.3a51-1].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Woodford is liable for disgorgement of $26,700, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,062, for a total of $29,762.  Based on the sworn representations in his Statement of Financial Condition dated August 30, 2019, and other documents and information submitted to the Commission, however, the Court is not ordering Woodford to pay a civil penalty, and payment of all disgorgement and prejudgment interest thereon is waived.  The determination not to impose a civil penalty and to waive payment of all disgorgement and prejudgment interest is

contingent upon the accuracy and completeness of Woodford's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Woodford's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Woodford, petition the Court for an order requiring him to pay the unpaid portion of the disgorgement, prejudgment and postjudgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Woodford was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Woodford to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Woodford may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prejudgment and postjudgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and prejudgment and postjudgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Woodford shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Woodford shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Woodford, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Woodford under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Woodford of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Pursuant to Fed. R. Civ. Proc. 58(b)(2)(B), the Court hereby approves the form of the Final Judgment set forth above and directs the Clerk to promptly enter the Final Judgment.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

DATED this 6th day of December, 2019.

                                            FOR THE COURT:
                                            JEFFREY P. COLWELL

                                            By: <u>  s/C. Pearson</u>
                                                 C. Pearson, Deputy Clerk